# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,
Plaintiff and Respondent,

v.

WELDON K. MCDAVID, JR.,
Defendant and Appellant.

S275940

Fourth Appellate District, Division One
D078919

San Diego County Superior Court
SCN363925

April 29, 2024 (reposted corrected version)

Justice Liu authored the opinion of the Court, in which Chief Justice Guerrero and Justices Corrigan, Kruger, Groban, Jenkins, and Evans concurred.

PEOPLE v. McDAVID

S275940


Opinion of the Court by Liu, J.


Penal Code section 12022.53 establishes a tiered system of sentencing enhancements for specified felonies involving the use of firearms. (All statutory references are to the Penal Code.) Section 12022.53, subdivision (h) gives trial courts the discretion to strike those enhancements in the interest of justice pursuant to section 1385. In *People v. Tirado* (2022) 12 Cal.5th 688, 700 (*Tirado*), we held that this discretion includes striking a section 12022.53 enhancement and then imposing a lesser included, uncharged section 12022.53 enhancement when the facts supporting the lesser enhancement were alleged and found true by the jury. We explained that the statutory framework supported this conclusion. (*Tirado*, at pp. 692, 700.) We also noted that this conclusion was in line with the long-standing principle that "a court is not categorically prohibited from imposing a lesser included, uncharged enhancement so long as the prosecution has charged the greater enhancement and the facts supporting imposition of the lesser enhancement have been alleged and found true." (*Id.* at p. 697.)

The question here is whether the same statutory framework permits a court, after striking a section 12022.53 enhancement, to impose a lesser included, uncharged enhancement authorized elsewhere in the Penal Code — that is, outside of section 12022.53. We hold that it does.

1

## I.

Defendant Weldon K. McDavid, Jr., was Diana Lovejoy's shooting instructor when she was going through a contentious divorce from her husband Greg Mulvihill. McDavid and Lovejoy began a romantic relationship and eventually hatched a plan to kill Mulvihill. Lovejoy lured Mulvihill to a secluded location while McDavid hid in nearby bushes. When Mulvihill arrived, McDavid shot him below his right armpit. Mulvihill suffered severe injuries but survived, and McDavid and Lovejoy were prosecuted.

In 2017, a jury convicted McDavid and Lovejoy of conspiracy to commit murder (§§ 182, subd. (a)(1), 187, subd. (a)) and attempted premeditated murder (§§ 664, 187, subd. (a), 189). The jury also found true allegations that in committing each of those offenses, McDavid intentionally and personally discharged a firearm, causing great bodily injury (§ 12022.53, subd. (d)), and personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)).

On January 31, 2018, the trial court sentenced McDavid to 25 years to life for conspiracy, consecutive to 25 years to life for the section 12022.53, subdivision (d) firearm enhancement. The court stayed the terms on the remaining count and its enhancements. McDavid appealed. He claimed, among other things, that the trial court abused its discretion because it was unaware of the full scope of its sentencing discretion under Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill 620) (Stats. 2017, ch. 682, § 1), which became effective on January 1, 2018, prior to McDavid's sentencing hearing. Senate Bill 620 amended section 12022.53, subdivision (h) by granting trial courts the discretion to strike formerly mandatory section

12022.53 enhancements. In full, subdivision (h) states: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." (§ 12022.53, subd. (h).)

The Court of Appeal, agreeing with McDavid, vacated his sentence and remanded the case for resentencing "for the limited purpose of allowing the trial court to exercise its discretion as to whether to strike the section 12022.53, subdivision (d) enhancements." On April 30, 2021, the trial court conducted a resentencing hearing and declined to strike the section 12022.53, subdivision (d) enhancements. McDavid again appealed.

While the appeal was pending, we held in *Tirado* that a trial court has the discretion to strike a charged section 12022.53 enhancement and impose a lesser included, uncharged section 12022.53 enhancement where the facts supporting that lesser enhancement were alleged and found true by the jury. (*Tirado, supra,* 12 Cal.5th at p. 700.) After requesting and reviewing briefing on the applicability of *Tirado* to McDavid's case, the Court of Appeal held that under the reasoning of *Tirado,* when a trial court exercises its discretion to strike a section 12022.53 enhancement, it has authority to impose a lesser enhancement not only under section 12022.53 but also under other statutes such as section 12022.5 if the facts supporting the lesser enhancement were alleged and found true by a jury.

The Attorney General filed a petition for rehearing, which the Court of Appeal granted. On rehearing, the Court of Appeal

3

reversed course and held that a trial court's discretion to impose a lesser included, uncharged enhancement is confined to the enhancements in section 12022.53 and does not include enhancements specified in other statutes. The court relied principally on section 12022.53, subdivision (j), which states: "For the penalties in this section to apply, the existence of any fact required under subdivision (b), (c), or (d) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact. When an enhancement specified in this section has been admitted or found to be true, the court shall impose punishment for that enhancement pursuant to this section rather than imposing punishment authorized under any other law, unless another enhancement provides for a greater penalty or a longer term of imprisonment."

Justice Dato dissented. Observing that Senate Bill 620 sought to curb the rigidity of the original section 12022.53 provisions, he would have held that once a court exercises its discretion under subdivision (h) to strike an enhancement, the restriction in subdivision (j) against applying lesser included enhancements from other statutes "plays no role at all" because otherwise the wording of that provision — "the court shall impose punishment for that enhancement" — would command the imposition of punishment even after the striking of a section 12022.53 enhancement.

We granted review on this issue, which has divided the Courts of Appeal. (Compare *People v. Fuller* (2022) 83 Cal.App.5th 394 (*Fuller*) [trial courts have discretion to impose a lesser included, uncharged enhancement from outside § 12022.53] and *People v. Johnson* (2022) 83 Cal.App.5th 1074

[same] with *People v. Lewis* (2022) 86 Cal.App.5th 34 (*Lewis*) [contrary holding].)

## II.

Defendants are entitled to sentencing decisions made through the exercise of informed discretion. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) A court acting while unaware of the full scope of its discretion is deemed to have abused it. (*Tirado, supra,* 12 Cal.5th at p. 694.) Here we consider whether a trial court, after striking a section 12022.53 enhancement, has discretion to impose a lesser included, uncharged enhancement under a law other than section 12022.53. This is a question of statutory interpretation, which we review de novo. (*People v. Ollo* (2021) 11 Cal.5th 682, 687.)

## A.

We begin with an overview of the statutory framework. "Section 12022.53 was first enacted in 1997 as part of the state's 'Use a Gun and You're Done' law. (Stats. 1997, ch. 503, § 1 et seq., p. 3135.) The statute sets out 'sentence enhancements for personal use or discharge of a firearm in the commission' of specified felonies. [Citation.] Section 12022.53, subdivision (a) lists the felonies to which the section applies. Section 12022.53(b) mandates the imposition of a 10-year enhancement for personal use of a firearm in the commission of one of those felonies; section 12022.53(c) mandates the imposition of a 20-year enhancement for personal and intentional discharge of a firearm; and section 12022.53(d) provides for a 25-year-to-life enhancement for personal and intentional discharge of a firearm causing great bodily injury or death to a person other than an accomplice." (*Tirado, supra,* 12 Cal.5th at pp. 694–695, italics and fns. omitted.)

Section 12022.53 is one of several statutes that provide for firearm enhancements in connection with certain crimes. Section 12022.53 provides the most severe schedule of enhancements in connection with the most serious offenses, such as murder, rape, robbery, and sex offenses against children. (§ 12022.53, subd. (a).) Section 12022.5, meanwhile, applies more broadly to the personal use of a firearm in the commission or attempted commission of any felony. (§ 12022.5, subd. (a).) It generally imposes an additional and consecutive term of three, four, or ten years (*ibid.*) or a term of five, six, or ten years if the firearm is an "assault weapon" or "machinegun" (*id.*, subd. (b)). Section 12022 establishes the least severe schedule of penalties, ranging from one to five years, and casts the widest net. (§ 12022, subds. (a)–(d).) It "regulates a wide range of unlawful activities involving firearms and other deadly weapons." (*People v. Pitto* (2008) 43 Cal.4th 228, 236; see, e.g., § 12022, subd. (a) [one-year enhancement "appli[es] to a person who is a principal in the commission of a felony or attempted felony if one or more of the principals is armed with a firearm, whether or not the person is personally armed with a firearm"].)

In enacting section 12022.53, the Legislature sought to impose substantially longer prison sentences for the use of firearms in the commission of certain felonies. (Stats. 1997, ch. 503, § 1, p. 3135.) "Before January 1, 2018, section 12022.53 prohibited courts from striking its enhancements. Former subdivision (h) of section 12022.53 provided: 'Notwithstanding Section 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section.' (Stats. 1997, ch. 503, § 3, p. 3137.) Thus, if a section 12022.53 enhancement was alleged and found true, its imposition was mandatory." (*Tirado*,

*supra*, 12 Cal.5th at pp. 695–696.) Section 12022.53 was one of the "toughest gun-abuse control measure[s] in the nation." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 620 (2017–2018 Reg. Sess.) as amended March 28, 2017, p. 3.)

Two decades later, the Legislature reconsidered the wisdom behind its statutory enactment and changed course. Recognizing that "[l]onger sentences do not deter crime or protect public safety" and that "research has found that these [firearm] enhancements cause problems," such as exacerbating racial disparities in imprisonment and greatly increasing the prison population, the Legislature passed Senate Bill 620. (Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of Sen. Bill No. 620 (2017-2018 Reg. Sess.) as amended June 15, 2017, p. 5.) This legislation amended section 12022.53, subdivision (h) to provide that "[t]he court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." Senate Bill 620 also amended subdivision (h) of section 12022.5 to do the same. (See Legis. Counsel's Dig., Sen. Bill No. 620 (2017–2018 Reg. Sess.) Summary Dig., p. 95.)

Meanwhile, section 12022.53, subdivisions (f) and (j) have remained substantively unchanged since section 12022.53's enactment. Subdivision (f) provides that "[i]f more than one enhancement per person is found true under this section, the court shall impose upon that person the enhancement that provides the longest term of imprisonment." And subdivision (j) provides that when a section 12022.53 enhancement is alleged and found true, "the court shall impose punishment for that enhancement pursuant to this section rather than imposing punishment under any other law" unless another enhancement

7

provides for a greater penalty. The issue presented here — whether a court, after striking a section 12022.53 enhancement, has discretion to impose a lesser included, uncharged enhancement under a law other than section 12022.53 — centers on the relationship between subdivisions (h) and (j).

## B.

In *Tirado*, we affirmed the general rule that when an adjudicated enhancement has been dismissed, "imposition of an uncharged enhancement is permitted so long as the facts supporting its imposition are alleged and found true." (*Tirado*, *supra*, 12 Cal.5th at p. 699.) We also recognized that a court's discretion to impose a lesser included, uncharged enhancement may be restricted by statute. (*Ibid.*)

In holding that section 12022.53 restricts a court's options for imposing a lesser included enhancement, the Court of Appeal began and ended its inquiry with "the usual and ordinary meaning of the language of section 12022.53, subdivision (j)," which it considered "clear and unambiguous." The court explained that "[b]y its express provisions, section 12022.53, subdivision (j) provides that if a section 12022.53 enhancement has been alleged and found true by a trier of fact, a trial court may impose *only* an enhancement under section 12022.53 (i.e., § 12022.53, subd. (b), (c), or (d)) and *not* an enhancement under any other statute (e.g., § 12022.5, subd. (a))." The court said this reading is consistent with *Tirado*, which identified subdivision (j) as the authority allowing courts to impose enhancements under section 12022.53. The court in *Lewis* likewise reasoned that the "plain language" of subdivision (j) "foreclosed" a trial court's imposition of a lesser included, uncharged enhancement under a different statute after a section 12022.53 enhancement

was found true. (*Lewis*, *supra*, 86 Cal.App.5th at p. 40.) According to *Lewis*, "this is the only reading supported by the plain language of section 12022.53" and "poses no conflict" with Senate Bill 620. (*Lewis*, at p. 41.)

The text of section 12022.53, subdivision (j), however, cannot be parsed in that way. The second sentence of the provision says: "When an enhancement specified in this section has been admitted or found to be true, the court shall impose punishment for that enhancement pursuant to this section rather than imposing punishment authorized under any other law, unless another enhancement provides for a greater penalty or a longer term of imprisonment." (§ 12022.53, subd. (j).) Under the Court of Appeal's view, the phrase that channels and limits the court's imposition of punishment — "pursuant to this section rather than imposing punishment authorized under any other law" (*ibid.*) — is dispositive of the question presented here. But the full sentence begins: "When an enhancement specified in this section has been admitted or found to be true, the court *shall* impose punishment *for that enhancement . . . .*" (*Ibid.*, italics added.) In other words, subdivision (j) mandates imposition of punishment for a section 12022.53 enhancement that has been admitted or found true. It then specifies that the court must impose punishment for that enhancement "pursuant to this section rather than imposing punishment authorized under any other law" unless another enhancement provides for a longer sentence. (*Ibid.*) As Justice Dato observed, "[i]f a defendant was charged with both a section 12022.53 enhancement *and* a different enhancement (e.g., § 12022.5) based on the same firearm use and the jury found both to be true, subdivision (j) [tells] the court it ha[s] to impose the

12022.53 enhancement because it provided a longer prison sentence."

The question here concerns the trial court's sentencing discretion when, "in the interest of justice pursuant to Section 1385," it has decided to "strike or dismiss an enhancement *otherwise required* to be imposed by this section." (§ 12022.53, subd. (h), italics added.) In this circumstance, section 12022.53, subdivision (j)'s requirement that "the court shall impose punishment for that enhancement" cannot and does not apply. As McDavid explains, "[i]t cannot be the case that a court invoking the power to eliminate the enhancement 'in the interest of justice pursuant to Section 1385' [§ 12022.53, subd. (h)] must then turn around and 'impose punishment for *that enhancement* pursuant to this section' [§ 12022.53, subd. (j)]." (Italics added by McDavid.) Or, as Justice Dato put it, "[i]t is inconceivable that the Legislature intended to grant judicial discretion in subdivision (h), only to have it taken away by subdivision (j)." (Accord, *Fuller*, *supra*, 83 Cal.App.5th at p. 404 (conc. opn. of Ramirez, P. J.) ["subdivision (h) expressly overrides the second sentence of subdivision (j)" because "subdivision (j) requires the court to 'impose punishment . . . pursuant to this section' " while subd. (h) "allows a court to 'strike or dismiss an enhancement otherwise required to be imposed by this section' "].)

The Attorney General contends that it is not clear section 12022.53, subdivision (j) does not apply when a court has decided to strike an enhancement under subdivision (h) because "in order to preserve the factual basis of the enhancement as specified in the first sentence of subdivision (j) — which would permit imposition of an uncharged enhancement under this Court's reasoning in *Tirado* [citation] — it appears that a court

would strike only the punishment and not the enhancement itself." But subdivision (h) clearly refers to a court's authority to "*strike or dismiss an enhancement* otherwise required to be imposed by this section." (Italics added.) And we gave no indication in *Tirado* that striking or dismissing an enhancement that has been found true would somehow fail to preserve the factual basis of the enhancement for purposes of imposing a lesser included, uncharged enhancement. Moreover, the Attorney General's argument does not explain how subdivision (j)'s mandate that "[w]hen an enhancement specified in this section has been admitted or found to be true, the court shall impose punishment for *that enhancement*" (italics added) can apply when a court has exercised its discretion under subdivision (h) to strike *that enhancement*.

Indeed, the Attorney General concedes that "it would be 'entirely illogical' to require the trial court to impose a section 12022.53 enhancement pursuant to subdivision (j), when subdivision (h) permits it to strike or dismiss that enhancement," and that "[t]o the extent it is possible to read the 'shall impose' portion of subdivision (j) in isolation, it is true that this part of subdivision (j) is inoperative since a court is no longer required under subdivision (h) to impose the section 12022.53 enhancement." Yet the Attorney General insists that "the portion of subdivision (j) that prohibits substitution of an enhancement from a different section may be interpreted in a way that harmonizes with subdivision (h) and preserves its operation."

Grammatically, it is hard to see how that can be so. The phrase "pursuant to this section rather than imposing punishment authorized under any other law" in the second sentence of section 12022.53, subdivision (j) modifies the

immediately preceding phrase "the court shall impose punishment for that enhancement." McDavid is correct that the "pursuant to this section rather than . . . under any other law" phrase "governs *how* the court is to impose sentence on an enhancement that 'has been admitted or found to be true' *when* it 'impose[s] punishment for that enhancement.' That is, it establishes parameters on the discharge of *that* power, by regulating the punishment to be imposed for the enhancement found true or admitted during the criminal proceedings . . . ." It does not impose "a freestanding limitation on the exercise of the court's sentencing discretion" when the court, instead of "impos[ing] punishment for that enhancement" (§ 12022.53, subd. (j)), has decided to strike or dismiss that enhancement in the interest of justice (*id.*, subd. (h)). The Attorney General construes subdivision (j) as though it says: "When an enhancement specified in this section has been admitted or found to be true, the court shall impose punishment ~~for that enhancement~~ pursuant to this section, to the extent it imposes punishment at all, rather than imposing punishment authorized under any other law . . . ." But that is not what the statute says. The modifying phrase "pursuant to this section rather than . . . under any other law" has no applicability independent of the phrase "the court shall impose punishment for that enhancement" (*id.*, subd. (j)), and the latter phrase has no applicability when the court has elected to "strike or dismiss an enhancement otherwise required to be imposed by this section" (*id.*, subd. (h)).

Suppose the prosecution were to explicitly charge, in connection with a single offense, an allegation under each of section 12022.53, subdivisions (b), (c), and (d). If the jury found the charged allegations true and the trial court struck all three

enhancements, subdivision (j) would plainly become irrelevant. There would be no "punishment" to "impose" under section 12022.53, and an enhancement found elsewhere in the Penal Code would necessarily be "a greater penalty" than none. (§ 12022.53, subd. (j); cf. *Fuller*, *supra*, 83 Cal.App.5th at p. 405 (conc. opn. of Ramirez, P. J.) ["subdivision (h) authorizes a trial court to strike *all* section 12022.53 enhancements, notwithstanding the second sentence of subdivision (j)"].) The same would be true in a case where the prosecution explicitly alleges only the subdivision (d) enhancement. Charging a subdivision (d) enhancement implicitly charges the lesser included subdivision (b) and (c) enhancements as well. (See *Tirado, supra*, 12 Cal.5th at p. 699.) So long as the court determines that neither of the lesser section 12022.53 enhancements is appropriate in the interest of justice, there remains no enhanced "punishment" to "impose" under section 12022.53. (§ 12022.53, subd. (j).)

The Attorney General says this reading should be "disfavored" because it would "render[] a part of subdivision (j) inoperative. . . . [¶] . . . Because subdivision (h) now permits a court to exercise its discretion to dismiss a section 12022.53 enhancement, the court need not ever be constrained, under appellant's reading, to impose that or any other section 12022.53 enhancement instead of a lesser one. In the event that the court decides it would rather impose a lesser enhancement under a different statute, it need only exercise its discretion under subdivision (h). Subdivision (j)'s instruction that the court impose the section 12022.53 enhancement rather than a lesser enhancement under any other law would therefore serve no purpose, as the trial court would be able to circumvent it in every case in which a section 12022.53 enhancement is found."

But what the Attorney General calls "circumvent[ion]" is simply the authority that the Legislature intended trial courts to have under subdivision (h).

Nor does this come as a surprise. The Legislature's amendment of section 12022.53, subdivision (h) necessarily eclipsed other parts of section 12022.53. The second sentence of subdivision (f) says that "[i]f more than one enhancement per person is found true under this section, the court shall impose upon that person the enhancement that provides the longest term of imprisonment." (§ 12022.53, subd. (f).) Although Senate Bill 620 did not modify the text of subdivision (f), it is clear that subdivision (f)'s directive has no applicability when a court has decided to strike the section 12022.53 enhancements that have been found true. As the Attorney General acknowledges, Senate Bill 620's effect on subdivision (f) "suggests that the Legislature may have anticipated that its amendment to subdivision (h) would have the same effect on other parts of section 12022.53."

This does not mean that section 12022.53, subdivision (j) "serves no purpose." Subdivision (j), like subdivision (f), operates as a default rule when a section 12022.53 enhancement has been alleged and found true; subdivision (h) gives courts discretion "in the interest of justice" to depart from what "this section," including subdivision (j), "otherwise require[s]." Contrary to what the Attorney General contends, this reading does not render subdivision (j) surplusage, produce an absurd result, or fail to harmonize subdivisions (h) and (j).

In rejecting this reading of the statute, the Court of Appeal quoted the following language in *Tirado*: "Section 12022.53(j) is the subdivision that authorizes the imposition of enhancements under section 12022.53. It provides that for the penalties in

section 12022.53 to apply, the existence of any fact required by section 12022.53(b), (c), or (d) must be alleged in the accusatory pleading and admitted or found true. . . . [¶] . . . . [¶] . . . When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53(d) enhancement, and the court determines that the section 12022.53(d) enhancement should be struck or dismissed under section 12022.53(h), the court may, under section 12022.53(j), impose an enhancement under section 12022.53(b) or (c)." (*Tirado, supra*, 12 Cal.5th at p. 700.) Relying on these statements, the Court of Appeal reasoned that because subdivision (j) is the provision that authorizes the imposition of lesser included, uncharged enhancements, subdivision (j)'s limitation on sentencing options ("pursuant to this section rather than . . . under any other law") dictates the answer to the issue here.

But *Tirado*, in identifying section 12022.53, subdivision (j) as the provision that "authorizes the imposition of enhancements under section 12022.53" (*Tirado, supra*, 12 Cal.5th at p. 700), was referring to the first sentence of subdivision (j), not the second sentence. (See *Fuller, supra*, 83 Cal.App.5th at p. 405 & fn. 2 (conc. opn. of Ramirez, P. J.).) In the quoted passage, we said that where a court has decided to strike a subdivision (d) enhancement, subdivision (j) authorizes imposition of an uncharged enhancement under subdivision (b) or (c) "[w]hen an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53(d) enhancement" and "only . . . when a true finding under section 12022.53(d) necessarily includes a true finding under section 12022.53(b) or (c)." (*Tirado*, at p. 700 & fn. 12.) This is plainly a reference to the first sentence of subdivision (j): "For the penalties in this section to apply, the existence of any fact required under

15

subdivision (b), (c), or (d) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." Similarly, in the same passage, we said the question presented "is whether section 12022.53(j) authorizes the court to impose an enhancement under section 12022.53(b) or (c) after striking a section 12022.53(d) enhancement. To answer that question, we must determine whether the existence of facts required by section 12022.53(b) and (c) were alleged and found true." (*Tirado*, at p. 700.)

Because the main issue in *Tirado* was whether a court after striking a section 12022.53, subdivision (d) enhancement may impose a lesser included subdivision (b) or (c) enhancement (*Tirado*, *supra*, 12 Cal.5th at p. 692), we had no occasion to examine whether the second sentence of subdivision (j) precludes a court that has struck a section 12022.53 enhancement from imposing a lesser included, uncharged enhancement under a law other than section 12022.53. Indeed, *Tirado* did not analyze the second sentence of subdivision (j) at all.

We now hold that when a court has exercised its discretion under subdivision (h) to strike a section 12022.53 enhancement and finds that no other section 12022.53 enhancement is appropriate, the second sentence of subdivision (j) is inapplicable and does not bar the court from imposing a lesser included, uncharged enhancement under a law other than section 12022.53. The court thus has discretion to impose such an enhancement if it is supported by facts that have been alleged and found true. (See *Tirado*, *supra*, 12 Cal.5th at p. 699 [absent a statutory prohibition, when an adjudicated enhancement has been dismissed, "imposition of an uncharged enhancement is

permitted so long as the facts supporting its imposition are alleged and found true"].) We disapprove *People v. Lewis*, *supra*, 86 Cal.App.5th 34, which reached a contrary holding.

## C.

Our holding today comports with the legislative history of section 12022.53. As we recounted in *Tirado*, "the Legislature's goal in enacting section 12022.53 was to protect Californians and deter violent crime by imposing 'substantially longer prison sentences . . . on felons who use firearms in the commission of their crimes.' (Stats. 1997, ch. 503, § 1, p. 3135.) The Legislature created an escalating set of enhancements, based on the defendant's conduct and the harm caused. (§ 12022.53(b), (c), (d).) It ensured that the harshest applicable punishment would be imposed in each case. (§ 12022.53(f), (j).) Former subdivision (h) of section 12022.53 reinforced those objectives by prohibiting courts from striking allegations or findings bringing a person within the statute's coverage. (Stats. 1997, ch. 503, § 3, p. 3137.)" (*Tirado*, *supra*, 12 Cal.5th at p. 701.) "However, as Senate Bill 620's legislative history shows, the enhancement scheme "'caus[ed] several problems.' (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 620 (2017–2018 Reg. Sess.) Mar. 28, 2017, p. 3, boldface and underscoring omitted.)" (*Ibid.*) It "'disproportionately increase[d] racial disparities in prison populations and . . . greatly increase[d] the population of incarcerated persons'" (Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of Sen. Bill No. 620 (2017–2018 Reg. Sess.) as amended June 13, 2017, p. 5), and also exacted a significant toll on the state's budget (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 620 (2017–2018 Reg. Sess.) as amended Mar. 28, 2017, p. 3).

To address these concerns, Senate Bill 620 aimed to "provide courts with discretion to strike a firearm enhancement, thereby providing relief 'to a deserving defendant, while a defendant who merited additional punishment' would still receive it. (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 620 (2017–2018 Reg. Sess.) Mar. 28, 2017, p. 7.)" (*Tirado*, *supra*, 12 Cal.5th at p. 701.) In short, "the bill would allow judges 'to impose sentences that fit the severity of the offense.' " (*Ibid*.; see also Assem. Com. on Public Safety, Sen. Bill No. 620 (2017–2018 Reg. Sess.), as amended Mar. 28, 2017, p. 3 [prior to Sen. Bill 620, "[i]f for some valid reason a court wanted to impose a lesser sentence they cannot"].) Construing the statute to allow a trial court intermediate options between a 10-year enhancement (§ 12022.53, subd. (b)), the minimum available under section 12022.53, and no enhancement at all is consistent with this stated purpose.

## CONCLUSION

We reverse the judgment of the Court of Appeal and remand for further proceedings consistent with this opinion. We express no view on whether the trial court, with a proper understanding of its sentencing discretion, should strike McDavid's section 12022.53 enhancements or impose a lesser included, uncharged enhancement.

**LIU, J.**

**We Concur:**

**GUERRERO, C. J.**
**CORRIGAN, J.**
**KRUGER, J.**
**GROBAN, J.**
**JENKINS, J.**
**EVANS, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  People v. McDavid

_____

**Procedural Posture** (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)**
**Review Granted (unpublished)** XX NP opn. filed 7/14/22 – 4th Dist., Div. 1
**Rehearing Granted**

_____

**Opinion No.** S275940
**Date Filed:** April 29, 2024

_____

**Court:**  Superior
**County:**  San Diego
**Judge:**  Sim von Kalinowski

_____

**Counsel:**

Raymond M. DiGuiseppe, under appointment by the Supreme Court, and Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Kelley Johnson and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Raymond M. DiGuiseppe
Attorney at Law
P.O. Box 10790
Southport, NC 28461
(910) 713-8804

Alan L. Amann
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
(619) 645-2277